UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONNIE GRANT,

        Plaintiff,

v.                        CASE No. 8:04-CV-2613-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security contains inconsistencies that do not permit proper judicial review, it will be reversed, and the matter remanded for further consideration.

I.

The plaintiff, who was thirty-six years old at the time of the administrative hearing and who completed either the tenth or the eleventh

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 6).

grade (Tr. 25, 112),[2] has been employed as a dishwasher, furniture deliverer, ground cleaner for a roofing company and worker at a car wash (Tr. 42, 43, 97).  He filed claims for Social Security disability benefits and supplemental security income payments, alleging he became disabled due to knee problems, seizures and HBP (hypertension) (Tr. 106).  The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  Following the hearing, the law judge found two sets of different severe impairments.  In the body of the decision, the law judge stated that the plaintiff has severe impairments of a history of seizures, partial tear of the anterior cruciate ligament, bone contusions of the medial tibia and distal medial femoral condyle, cervical radiculopathy, bilateral sacroilitis, multiple musculoskeletal sprains/strains and hypertension (Tr. 26).  In his findings, the law judge said that the plaintiff's severe impairments are seizure disorder, chronic pain syndrome and hypertension (Tr. 32).  The law judge found further that the plaintiff "has the residual functional capacity to perform a full range of light exertional activity" (id.).

---

[2]The plaintiff testified at the hearing that he completed the tenth grade (Tr. 39). However, on the disability report form, the plaintiff indicated that he completed the eleventh grade (Tr. 112), and the law judge noted the discrepancy (Tr. 29-30).

Nevertheless, he went on to find that the plaintiff's impairments restricted him to performing simple repetitive tasks, never climbing ladders or scaffolds, occasionally balancing, stooping, crouching, kneeling and crawling and avoiding exposure to moving machinery and unprotected heights (id.).  He also found that the plaintiff could sit for six hours in an eight-hour work day (id.), but made no finding concerning the plaintiff's ability to stand and walk. In addition, it is unclear whether the law judge determined that the plaintiff was precluded from his past relevant work.  Thus, in the body of the decision, the law judge said that the plaintiff's limitations precluded him from returning to past work (Tr. 31).  The law judge then stated, based upon the testimony of a vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as an assembler of small products and lens inserter (id.).  However, in his findings, the law judge concluded that the plaintiff was not precluded from performing his past relevant work (Tr. 32). In all events, the plaintiff was found to be not disabled.  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

-4-

1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

This is a troubling case.  The plaintiff does not make a compelling showing of disability.  Moreover, the Commissioner in her memorandum makes a persuasive argument that the plaintiff is not totally disabled.  However, this court reviews the law judge's decision and not the post hoc rationalizations of litigating counsel.  See Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 50 (1983).  And the law judge's decision is seriously flawed.  Thus, there are critical discrepancies between what the law judge said in the body of the decision and what he set forth in his findings.

In the body of the decision, the law judge found that the plaintiff has severe impairments of a history of seizures, partial tear of the anterior

cruciate ligament, bone contusions of the medial tibia and distal medial femoral condyle, cervical radiculopathy, bilateral sacroiliitis, multiple musculoskeletal sprains/strains and hypertension (Tr. 26).  In his findings, he said that the plaintiff has severe impairments of seizure disorder, chronic pain syndrome and hypertension (Tr. 32).  Which is it?  Critically absent from the findings is any mention of an impairment of the left knee, which was injured in a vehicle accident and which the record indicates is a serious problem. Further, there is no mention in the findings of cervical radiculopathy.  It is unclear whether the law judge intended to cover that condition by a finding of chronic pain syndrome.  In short, the law judge's assertion of two distinct sets of severe impairments prevents meaningful judicial review.

The law judge also gave contrasting rulings with respect to the plaintiff's ability to return to past work.  In the body of the decision, the law judge found that the plaintiff cannot return to his past relevant work, which consisted of medium exertional activity (Tr. 31).  He then discussed the jobs that the vocational expert said the plaintiff could perform (id.).  However, in his findings, the law judge stated that the plaintiff's impairments "do not prevent the [plaintiff] from performing his past relevant work" (Tr. 32).  He also said that the plaintiff's "past relevant work as roofer, kitchen [sic], van

driver helper and cleaner II did not require the performance of work-related activities precluded by his residual functional capacity" (id.).  Consistently with this finding, the law judge did not mention in the findings the jobs identified by the vocational expert and he made no finding that the plaintiff could perform those jobs.

These are important discrepancies and they are sufficient to warrant a remand.  It is appropriate to add that there are others, as well.  Thus, the law judge in his findings states that the plaintiff "has the residual functional capacity to perform a full range of light exertional activity" (id.). He then goes on to conclude that the plaintiff's ability to perform light work is restricted in several ways.

Further, there is a discrepancy between the law judge's finding of residual functional capacity and his hypothetical question to the vocational expert.  In his hypothetical question to the expert, the law judge asked the expert to assume that the plaintiff could stand and walk for six hours of an eight-hour work day (Tr. 59).  However, the law judge did not include any such ability in his determination of the plaintiff's residual functional capacity (Tr. 30, 32).  Thus, the hypothetical question seems flawed.  See Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985).

In sum, the law judge has set forth inconsistent determinations on the important issues of the plaintiff's severe impairments and his ability to return to prior work.  Significantly, the Social Security Act contemplates judicial review of the law judge's findings.  42 U.S.C. 405(g); <u>see</u> <u>also</u> 42 U.S.C. 405(h). The findings here on those two issues are not supported by substantial evidence.

My guess is that the law judge intended the determinations in the body of the decision to be his findings on those issues.  But I should not have to guess at the law judge's findings.  Moreover, the inconsistencies on these two issues, as well as the inconsistencies on other matters, undermines confidence in the decision.  The plaintiff is entitled to a decision that shows much greater attention to his claims than is reflected by the decision in this case.[3]

It is, therefore, upon consideration

ORDERED:

---

[3]In light of the remand, it is appropriate to note that the law judge construed a note from Dr. Rajendra A. Karkare to read that the plaintiff is currently unable to work due to left knee pain (Tr. 27).  It appears to me that the doctor stated that the plaintiff is currently unable to "walk" (Tr. 191).

That the Commissioner's decision is hereby REVERSED, and the matter REMANDED for further consideration.   The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 10th day of March, 2006.


_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE